546

**DIAN EN JIANG, a.k.a. Jiang Dian'En, a.k.a. Dianen Jiang, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

No. 08–2757–ag.

United States Court of Appeals, Second Circuit.

Nov. 6, 2009.

Jeannine Quijije, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Anh–Thu P. Mai–Windle, Senior Litigation Counsel; Kathryn M. McKinney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, and JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Dian En Jiang, a native and citizen of the People's Republic of China, seeks review of a May 7, 2008 order of the BIA denying his motion to reopen. *In re Dian En Jiang,* No. A077 655 757 (B.I.A. May 7, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not abuse its discretion in denying Jiang's untimely motion to reopen because it reasonably found that he failed to submit sufficient evidence of changed circumstances in China. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *see Wei Guang Wang v. B.I.A.,* 437 F.3d 270, 273 (2d Cir.2006) (finding that the birth of children in the United States was a change in personal circumstances, and not changed circumstances under the regulations); *Jian Hui Shao,* 546 F.3d at 169.

While Jiang argues that the evidence he submitted demonstrates that he will be subject to China's family planning policy for having two children, the BIA reasonably gave little or no evidentiary weight to Jiang's documents in light of the adverse credibility determination that was made in his underlying proceedings. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–48 (2d Cir.2007) (holding that the BIA did not abuse its discretion in denying a motion to reopen supported by allegedly unavailable evidence regarding changed country conditions where there had been a previous adverse credibility finding in the underlying asylum hearing); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

Because the failure to establish changed country conditions provides a valid basis for denying a motion to reopen, we cannot find that the BIA abused its discretion in denying Jiang's motion to reopen. *See Wei Guang Wang,* 437 F.3d at 273; *Jian Hui Shao,* 546 F.3d at 169.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).